UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ISRAEL MEZA LLAMAS,<br><br>　　　Petitioner,<br><br>v.<br><br>RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; MIKE HOLLINSHEAD, Sheriff of Elmore County,<br><br>　　　Respondents. | Case No. 1:26-cv-00292-AKB<br><br>**ORDER GRANTING PETITION FOR HABEAS CORPUS** |

Pending before the Court is Petitioner Israel Meza Llamas's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (TRO) (Dkt. 2). For the reasons explained below, the Court grants the Petition and denies the TRO as moot.

## I.　BACKGROUND

Petitioner, a native of Mexico, has lived in the United States since his entry without inspection approximately two to three years ago (Dkt. 1 ¶ 16). On May 11, 2026, Immigration and Customs Enforcement (ICE) seized Petitioner (*id.* ¶ 2). He is currently detained at the Elmore County Jail in Mountain Home, Idaho (*id.* ¶ 13).

Petitioner contends his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (Dkt. 1 ¶¶ 3, 6). Specifically, he argues that § 1225(b)(2)(A) "does not apply to individuals like [him] who previously entered and are now residing in the United States" (*id.* ¶ 6).

On May 13, 2026, the Court ordered the Government to respond to Petitioner's petition (Dkt. 5). Briefing is now complete, and the issue is ripe for a decision.

## II.    ANALYSIS

As with many other immigration-related habeas corpus petitions filed in this District, this case concerns the detention provisions at §§ 1226(a) and 1225(b)(2). The Court has repeatedly explained its disagreement with DHS's interpretation of § 1225. *See Guadarrama Ayala v. Henkey*, No. 25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025); *Beltran Orellana v. Henkey*, No. 26-cv-00013-AKB, 2026 WL 194734 (D. Idaho Jan. 26, 2026). To the extent the Government's arguments are identical to those this Court rejected in prior cases, the Court incorporates by reference and adopts its analysis and rulings in *Guadarrama Ayala* and addresses only those arguments specific to this case.

This Court's previous cases definitively answer the legal question—§ 1226(a) applies because Petitioner was already present in the country and he is not subject to §§ 1225(b)(1), 1226(c), or 1231. *Jennings v. Rodriguez*, 583 U.S. 281, 288–89, 298 (2018). The Government concedes that Petitioner's "petition presents no complicating feature from those previously filed petitions for habeas corpus relief wherein the Court has ordered release" (Dkt. 7 at 1). Accordingly, the Court grants the Petition and orders Petitioner's immediate release.

ORDER GRANTING PETITION – 2

## III.  ORDER

**IT IS ORDERED that:**

1.  Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2.  Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT**.

DATED: May 21, 2026

Amanda K. Brailsford
U.S. District Court Judge